**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HAROLD E. JACKSON,

                                Plaintiff,

          - v -                                    Civ. No. 8:09-CV-923
                                                               (DNH/RFT)

MELISSA BUCHER, *Children-Youth Family Worker*;
ALETHIA A. JOHNSON, *Day Care Teacher*;
THOMAS KUBISH, *Detective*,

                                Defendants.

**APPEARANCES:**                           **OF COUNSEL:**

HAROLD E. JACKSON
Plaintiff, *Pro se*
02-A-6683
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Court has sent to the Court a *pro se* Complaint filed by Plaintiff Harold E. Jackson pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed *in Forma Pauperis* (IFP). Dkt. Nos. 1, Compl., & 2, Mot. for IFP.

### I. DISCUSSION

#### A. Motion to Proceed *in Forma Pauperis*

      Afer reviewing Plaintiff's Application, we find that Plaintiff may properly proceed *in forma pauperis*. Therefore, his Motion to Proceed IFP (Dkt. No. 2) is **granted**.

## B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte,* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

By his Complaint, Plaintiff argues that he was innocent of the crime for which he was

convicted and sentenced. Plaintiff asserts he "was accused of sexual abuse in the First degree, a crime that [he] did not commit," and that "there was no doctor statements of any kind of injury, no kind of witnesses, just a confession by the use of coercion and threats." Compl. at ¶ 6. He asks for this Court to help him "bring this case back into a high court or a federal court because . . . [he] was falsely accuse of a crime that [he] did not commit." *Id.* at ¶ 7. Plaintiff also asserts that he was denied the right to an attorney during pre-trial questioning and requests the opportunity to undergo a polygraph test to prove his innocence. *Id.*

It is clear from the above allegations that Plaintiff is challenging his underlying conviction. To the extent Plaintiff seeks to alter the fact or duration of his custody, he is advised that such relief may only be obtained by way of a *habeas corpus* petition brought pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973 ("[C]ongress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity" of their underlying criminal conviction.").

If Plaintiff is seeking monetary damages against the Defendants for his alleged wrongful imprisonment, such allegations are not cognizable under § 1983. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim implicating the validity of the plaintiff's underlying conviction is barred unless the underlying conviction has been invalidated. Thus, before he can bring a claim for damages under § 1983, Plaintiff must first succeed in overturning his conviction or having it declared invalid, whether by an administrative board, state court, or in a federal habeas corpus proceeding. *Id.* at 486-87; *see also Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999). Since Plaintiff has not demonstrated that his conviction has in any way been invalidated, his claim for monetary damages is barred by *Heck*. *See Amaker v. Weiner*, 179 F.3d 48 (2d Cir.

1999) (dismissal under *Heck* is without prejudice; if plaintiff's conviction is later declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated).

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed *in Forma Pauperis* (Dkt. No. 2), is **granted**; and it is further

**RECOMMENDED**, that this action be **dismissed** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that the clerk serve a copy of this Order on the Plaintiff.

**IT IS SO ORDERED.**

Date:   October 16, 2009
        Albany, NY

_____
RANDOLPH E. TREECE
United States Magistrate Judge